**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-2168**

CHRISTINE NYAMBURA MBURU,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: May 27, 2020                                    Decided: July 17, 2020

Before WYNN, THACKER, and RICHARDSON, Circuit Judges.

Petition denied in part and dismissed in part by unpublished per curiam opinion.

Japheth N. Matemu, MATEMU LAW OFFICE P.C., Raleigh, North Carolina, for Petitioner. Joseph H. Hunt, Assistant Attorney General, Anthony C. Payne, Assistant Director, Neelam Ihsanullah, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christine Nyambura Mburu, a native and citizen of Kenya, petitions for review of an order of the Board of Immigration Appeals (Board) denying her motion to reopen. We have reviewed the administrative record and the Board's order and conclude that the Board did not abuse its discretion in denying the motion as untimely and number-barred. *See* 8 C.F.R. § 1003.2(c)(2) (2020). We therefore deny the petition for review in part for the reasons stated by the Board. *See In re Mburu* (B.I.A. Sept. 24, 2019).

Mburu also challenges the immigration judge's denial of her motion for a continuance and the Board's denial of a prior motion to reopen. However, we lack jurisdiction to review these contentions because Mburu failed to timely petition this court for review of the Board's prior orders. *See* 8 U.S.C. § 1252(b)(1) (2018) (providing that petition for review must be filed no later than 30 days after date of final order of removal); *Stone v. INS*, 514 U.S. 386, 405 (1995) (noting that this time period is "jurisdictional in nature and must be construed with strict fidelity to [its] terms"). Mburu's subsequent filing of a motion to reopen with the Board did not toll the time period for seeking review of the underlying decisions, *see Stone*, 514 U.S. at 394, and the current petition for review therefore is untimely as to these prior orders. Additionally, as acknowledged by Mburu, we lack jurisdiction to review the Board's decision not to exercise its authority to sua sponte reopen her removal proceedings. *See Lawrence v. Lynch*, 826 F.3d 198, 206-07 (4th Cir. 2016); *Mosere v. Mukasey*, 552 F.3d 397, 400-01 (4th Cir. 2009). We therefore dismiss the petition for review in part.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED IN PART,*
*DISMISSED IN PART*